UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CAROL A. BAKER,

                Plaintiff,

v.                                  **ORDER**
                                      04-CV-937S

JO ANNE BARNHART,
*Commissioner of Social Security,*

                Defendant.

       1.      On November 24, 2004, Plaintiff commenced this action seeking review of a Social Security Administrative Law Judge's determination that she is not disabled within the meaning of the Social Security Act. This case was originally assigned to Chief District Judge Richard J. Arcara, who on January 27, 2005, referred this matter to United States Magistrate Judge Hugh B. Scott, for all proceedings necessary for a determination of the factual and legal issues presented, and to prepare and submit a report and recommendation containing findings of fact, conclusions of law and a recommended disposition of the case pursuant to 28 U.S.C. § 636(b)(1)(B).

       2.      On March 31, 2005, Defendant filed a Motion for Judgment on the Pleadings. (See Docket No. 6.) On April 1, 2005, Plaintiff filed her own Motion for Judgment on the Pleadings. (See Docket No. 8.) Judge Scott heard oral argument on both motions on May 12, 2005, and reserved decision at that time.

       3.      On December 21, 2006, Chief Judge Arcara transferred this case to this Court. (See Docket No. 11.) On January 10, 2007, Judge Scott filed a Report and Recommendation recommending that Defendant's motion be denied, that Plaintiff's motion

be granted, and that this case be remanded to the Commissioner of Social Security for further proceedings.  (See Docket No. 12.)

4. On January 26, 2007, the Government filed Objections to the Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.3(a)(3). Plaintiff filed a response thereto on February 14, 2007.  The Government does not object to Judge Scott's recommendation that this case be remanded to the Commissioner. Rather, it seeks to set aside that portion of Judge Scott's Report and Recommendation that discusses the impact of amended regulations on prior Second Circuit case law.

5. In the context of reviewing the sufficiency of the ALJ's residual functional capacity finding, Judge Scott briefly discussed the ALJ's burden at this stage of the analysis.  (See Docket No. 12, pp. 7-8.)  Judge Scott discussed the Second Circuit's decisions in Balsamo v. Chater, 142 F.3d 75 (2d Cir. 1998) and Curry v. Apfel, 209 F.3d 117 (2d Cir. 2000), and stated that in his view, the amended regulations[1] did not "vitiate the holdings of Balsamo or Curry."  Id.  The Government maintains that the Commissioner's changes to the regulations do in fact supplant Second Circuit authority that conflicts with the amendments.

6. This Court has carefully reviewed Judge Scott's Report and Recommendation, the underlying motion papers and exhibits, and the parties' submissions relative to the Government's objections.  In this Court's view, Judge Scott's discussion of the effect of the amended regulations on prior Second Circuit authority is not necessary to his ultimate determination that this case should be remanded to the Commissioner.

---

[1] The applicable amendments became effective on September 25, 2003, and are found at 68 Fed. Reg. 51153 (Aug. 26, 2003).

Judge Scott recommended that this case be remanded because (1) the ALJ's residual functional capacity determination is not supported by substantial evidence, (2) the ALJ's adverse credibility finding is faulty, and (3) Plaintiff should have the opportunity to present new medical evidence to the Commissioner that was not available to her at the time of her initial hearing.  (Docket No. 12, pp. 8-9.)

7. This Court adopts Judge Scott's findings on these three points, but rejects his discussion of the effect of the amended regulations on prior Second Circuit authority as extraneous and unnecessary to the ultimate recommendation in this case.  Because the issue is not squarely before it, this Court offers no opinion as to what effect, if any, the amended regulations have on prior Second Circuit case law.

IT HEREBY IS ORDERED, that this Court accepts Judge Scott's Report and Recommendation (Docket No. 12) in part and rejects it in part, as set forth above.

FURTHER, that Defendant's Objections (Docket No. 13) are GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceeding consistent with this decision and the Report and Recommendation.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: February 21, 2007
       Buffalo, New York

                                              <u>/s/William M. Skretny</u>
                                              WILLIAM M. SKRETNY
                                              United States District Judge